## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LAMONT HEARD,

     *Plaintiff*,

*v.*

YARNICE STRANGE,
And SHANNON KYLE,

     *Defendants*.

_____/

CASE NO. 2:17-cv-13904
DISTRICT JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
### (Docs. 13, 16)

## I.   RECOMMENDATION

For the reasons set forth below, if the Court adopts the previous recommendation to permit Plaintiff to amend his complaint, (Doc. 21), **IT IS RECOMMENDED** the Court also **DENY WITHOUT PREJUDICE** Defendants' motion for summary judgment as moot. (Doc. 13). Further, I suggest the Court construe Plaintiff's "Motion to Dismiss Defendants' Motion for Summary Judgment" as a response opposing Defendants' motion, rather than an independent motion. (Doc. 16). To the extent it could be construed as a motion to compel discovery, I suggest it has been rendered moot by Defendants' later response to Plaintiff's discovery requests, and **IT IS RECOMMENDED** the Court **DENY WITHOUT PREJUDICE** Plaintiff's motion. (Doc. 16).

1

## II.   <u>REPORT</u>

### a.  Background

On December 4, 2017, pro se plaintiff Lamont Heard ("Plaintiff") filed a civil rights claim under 42 U.S.C. § 1983 against Yarnice Strange and "Shannon Kyle"[1] (collectively "Defendants"). In his initial complaint, Plaintiff alleges Defendants retaliated against him for exercising his First Amendment rights by transferring him from Thumb Correctional Facility to G. Robert Cotton Correctional Facility, where he is currently incarcerated. (Doc. 1); (Doc. 15 at PageID.196). According to Plaintiff, as a result of the transfer, he lost the job with which he had earned money to pay for his attorney and a private investigator, it became more difficult for his family to visit him, he lost access to certain programming, and his ability to collaborate with co-plaintiffs in a separate civil case was impeded. (Doc. 1 at PageID.6-7). The case was referred to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and § 636(b)(1)(B). (Doc. 9).

On February 8, 2018, Defendants filed a Motion for Summary Judgment, (Doc. 13), to which Plaintiff was ordered to respond, (Doc. 14). On March 2, 2018, Plaintiff filed an amended complaint. (Doc. 15). In it, he sought to supplement and alter the factual basis for his retaliation claim, as well as to add a conspiracy claim and six new

---

[1] The Amended Complaint clarifies that Defendant "Shannon Kyle" should read "Kyle Shannon." (Doc. 15).

defendants: Adam Douglas, Natalie Farnsworth,[2] Cedric Griffey, Unknown Oasterhof, Michele Perry, and Scott Schooley. (*Id.*). Another week passed, and then on March 9, 2018, Plaintiff filed a brief opposing Defendants' Motion for Summary Judgment. (Doc. 16). Shortly thereafter, Defendants objected to Plaintiff's attempt to amend his complaint and filed a response to his reply, (Doc. 17); Plaintiff filed an additional reply. (Doc. 18).

On May 22, 2018, the undersigned submitted a report and recommendation that the Court grant Plaintiff leave to amend his complaint but *sua sponte* dismiss Plaintiff's claim for conspiracy, several defendants, and all claims against defendants in their official capacities as a matter of screening under the Prison Litigation Reform Act. (Doc. 21). That report and recommendation is currently before the district court, are several objections from Plaintiff. (Doc. 23). The time to file objections has now expired. If the Court adopts the prior report and recommendation in full, the only remaining issue would be Plaintiff's retaliation claim against Defendants (including additional, newly added defendants) in their individual capacities.

I suggest that if the Court adopts the undersigned's previous recommendation to grant Plaintiff leave to amend his complaint, the Court should deny Defendants' pending motion for summary judgment without prejudice as moot. When an amended complaint is filed, the prior complaint is superseded and rendered moot. *See Smith & Nephew Inc. v. Fed. Ins. Co.*, 113 F. App'x 99, 102 (6th Cir. 2004). It follows that "motions directed at the superseded pleading generally are to be denied as moot." *Mize v. Blue Ridge Bank*,

---

[2] Plaintiff refers alternately to "Fransworth" and "Fansworth." (Doc. 15). Defendants' Motion for Summary Judgment indicates "Farnsworth" is the correct spelling, and so that is the spelling I use here. (Doc. 13).

2013 WL 1766659, at *1 (D.S.C. Feb. 12, 2013) (collecting cases). *Cf. McKay v. Federspiel*, Case No. 14–cv–10252, 2015 WL 13688535, at *1 (E.D. Mich. Feb. 26, 2015) (slip copy) ("But if the amended pleading does not cure the defects raised by the motions directed at the superseded pleading, denying the motions as moot 'would be to exalt form over substance.") (citing Wright, Miller, et al., 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.)). In this case, the amended complaint contains some new and different factual allegations that may bear on the merits of Plaintiff's claims. *See Sango v. Johnson*, Civil Action No. 13–13808, 2014 WL 4658379, at *1 (E.D. Mich. May 22, 2014). Thus, if the Court adopts the prior recommendation to grant Plaintiff leave to amend his complaint, I suggest it would also be appropriate to deny Defendants' motion for summary judgment as moot.

Also pending is Plaintiff's "Motion to Dismiss Defendants' Motion for Summary Judgment." (Doc. 16). In that filing, Plaintiff seeks two types of "relief." The first is simply the denial of Defendants' motion for summary judgment; the second is "an order from the Court that command[s] Defendants to provide Plaintiff with access to the discovery material stated in the attached affidavit[,] free of charge." (*Id.*).

Based solely on Plaintiff's prayers for relief, then, it would appear this filing serves as both a response to Defendants' motion for summary judgment and a motion to compel discovery. His attached brief, however, frames the issue of discovery as simply another ground for denial of Defendants' motion. (*Id.*). Plaintiff asserts that summary judgment would amount to an abuse of discretion because he cannot respond adequately

to Defendants' motion until he has received the discovery outlined in his attached affidavit. (*Id.*).

Defendants responded to Plaintiff's filing with an "Objection to Plaintiff's Purported Amended Complaint and Response to Plaintiff's Motion to Dismiss Defendants' Motion for Summary Judgment." (Doc. 17). In their objection, Defendants construe Plaintiff's argument as a "suggestion that he should be afforded the time for additional discovery," and dismiss it as "meritless" because Plaintiff "has not identified a single piece of information he needs to refute Defendants' motion." (Doc. 17 at PageID.226). Attached to Defendants' objection are Defendants' answer to Plaintiff's first set of interrogatories, response to request for the production of documents, and response to request for admissions, and a certificate of their service dated March 14, 2018. (Doc. 17 at PageID.243-277).

Plaintiff's apparent request for an order to compel discovery was filed on March 9, 2018, (Doc. 16), five days *prior* to service of Defendants' discovery disclosures. As Defendants have since responded to Plaintiff's discovery requests, I suggest that, to the extent Plaintiff's filing can be construed as a motion to compel discovery, it would be appropriately denied without prejudice as moot at this time.

As a final note, the undersigned would remind Plaintiff that he is not necessarily entitled to the waiver of any discovery costs, should he pursue further disclosures. Although "a prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, . . . there is no constitutional or statutory requirement that the

government or [d]efendant pay for an indigent prisoner's discovery efforts." *Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003).

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the

objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 21, 2018                                S/ PATRICIA T. MORRIS
                                                             Patricia T. Morris
                                                             United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Lamont Heard #252329 at G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

Date: June 21, 2018                                 By s/Kristen Castaneda
                                                             Case Manager