UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD,

    Plaintiff,

v.

YARNICE STRANGE and KYLE
SHANNON,

    Defendants.
_____/

Case No. 17-13904

Honorable Nancy G. Edmunds

## OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S MAY 22, 2018 REPORT AND RECOMMENDATION [21]; GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT; DISMISSING DEFENDANTS NATALIE FARNSWORTH AND MICHELE PERRY; AND DISMISSING PLAINTIFF'S CONSPIRACY CLAIM AND OFFICIAL CAPACITY CLAIMS

Currently before the Court is the Magistrate Judge's May 22, 2018 report and recommendation. (Dkt. # 21). On June 7, 2018, Plaintiff Lamont Heard filed objections to the Magistrate Judge's report. (Dkt. # 23). Defendants did not object to the report and recommendation or respond to Plaintiff's objections. Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court SUSTAINS IN PART and OVERRULES IN PART Plaintiff's objections and ACCEPTS AND ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's report and recommendation.

The Magistrate Judge recommends that the Court grant Plaintiff leave to amend his complaint. The Magistrate Judge further recommends that the Court proceed to screening the amended complaint and *sua sponte* dismiss Plaintiff's claim for conspiracy; Defendants

Adam Douglas, Natalie Farnsworth, and Michele Perry; and all claims against Defendants in their official capacities. The Magistrate Judge recommends that the retaliation claim against Defendants Yarnice Strange, Kyle Shannon, Cedric Griffey, Scott Schooley, and Unknown Oasterhof remain and survive dismissal.

Plaintiff raises three objections to the Magistrate Judge's report and recommendation. First, Plaintiff argues that he amended his complaint as a matter of right under Fed. R. Civ. P. 15(a)(1)(B), and that the Magistrate Judge erred in interpreting the rule.

Rule 15(a)(1) provides:

A party may amend its pleading once *as a matter of course* within:

(A) 21 days after serving it, or

(B) *if the pleading is one to which a responsive pleading is required*, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1) (emphasis added). In the report and recommendation, the Magistrate Judge concluded that Plaintiff could not amend his complaint as a matter of right because he filed his amendment more than 21 days after service of the original complaint, and because the pleading was not one to which a responsive pleading is required. *See* 42 U.S.C. § 1997e(g)(1) ("Any defendant may waive the right to reply to any action brought by a prisoner confined in jail, prison, or other correctional facility under section 1983 of this title or any other federal law.").

According to Plaintiff, while defendants can waive the right to reply under the Prison Litigation Reform Act ("PLRA"), defendants do so at the risk of extending the time period during which a plaintiff can amend his complaint as a matter of course. Plaintiff asserts that this would be a fair reading of Rule 15 and the PLRA. The Court need not address

Adam Douglas, Natalie Farnsworth, and Michele Perry; and all claims against Defendants in their official capacities. The Magistrate Judge recommends that the retaliation claim against Defendants Yarnice Strange, Kyle Shannon, Cedric Griffey, Scott Schooley, and Unknown Oasterhof remain and survive dismissal.

Plaintiff raises three objections to the Magistrate Judge's report and recommendation. First, Plaintiff argues that he amended his complaint as a matter of right under Fed. R. Civ. P. 15(a)(1)(B), and that the Magistrate Judge erred in interpreting the rule.

Rule 15(a)(1) provides:

A party may amend its pleading once *as a matter of course* within:

(A) 21 days after serving it, or

(B) *if the pleading is one to which a responsive pleading is required*, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1) (emphasis added). In the report and recommendation, the Magistrate Judge concluded that Plaintiff could not amend his complaint as a matter of right because he filed his amendment more than 21 days after service of the original complaint, and because the pleading was not one to which a responsive pleading is required. *See* 42 U.S.C. § 1997e(g)(1) ("Any defendant may waive the right to reply to any action brought by a prisoner confined in jail, prison, or other correctional facility under section 1983 of this title or any other federal law.").

According to Plaintiff, while defendants can waive the right to reply under the Prison Litigation Reform Act ("PLRA"), defendants do so at the risk of extending the time period during which a plaintiff can amend his complaint as a matter of course. Plaintiff asserts that this would be a fair reading of Rule 15 and the PLRA. The Court need not address

Plaintiff's argument because the Court agrees with the Magistrate Judge's recommendation to nevertheless grant Plaintiff leave to amend his complaint.

Second, Plaintiff objects to the *sua sponte* dismissal of Defendant Adam Douglas. In the report and recommendation, the Magistrate Judge correctly noted that Section 1983 claims require personal involvement for liability to attach. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976). The Magistrate Judge found that Plaintiff had merely alleged that Douglas was one of several officers who were tired of Plaintiff assisting other prisoners with grievances and felt it was time to transfer Plaintiff. The Magistrate Judge concluded that this was insufficient to state personal involvement that caused Plaintiff's injury.

Plaintiff attaches to his objections an e-mail from Defendant Douglas to Defendant Farnsworth dated March 22, 2017 with the subject "Transfer List Potential Names." The body of the e-mail includes Plaintiff's name. While the Court cannot consider matters outside the pleadings at this stage, the amended complaint does refer to this March 2017 "potential transfer list." (Dkt. # 15, Pg ID 203). According to the amended complaint, before Plaintiff was transferred from the Thumbs Correctional Facility to the more restrictive G. Robert Cotton Correctional Facility, he was first transferred internally within the Thumbs Correctional Facility from one unit to another. Plaintiff alleges that this transfer impeded his ability to collaborate with his co-plaintiffs in their civil case, and Plaintiff requested a meeting with Defendant Douglas to discuss the matter. At the meeting, Douglas allegedly informed Plaintiff that the administration had received complaints from the staff at his previous unit about Plaintiff's litigation activities and group meetings. Douglas allegedly told Plaintiff that the activity needed to stop or he would be transferred to another facility. Shortly after this meeting, during which Plaintiff told Douglas that he was going to continue

3

his litigation activities, Douglas placed Plaintiff on the potential transfer list in March 2017 (approximately three months before Plaintiff was transferred to the more restrictive facility). In June 2017, Plaintiff had an argument with Defendant Shannon about his litigation activities. Shannon allegedly told Plaintiff that Plaintiff "was on the transfer request list [and] that it was up to her to decide[]" if Plaintiff would be transferred. (Dkt. # 15, Pg ID 200).

Liberally construing the *pro se* amended complaint in the light most favorable to Plaintiff, as the Court must at this stage, Plaintiff has sufficiently alleged that Douglas's actions to get him transferred were motivated at least in part by Plaintiff's litigation activities and were a link in the causal chain that led to his eventual transfer to the G. Robert Cotton Correctional Facility in June 2017.[1] Accordingly, the Court will sustain Plaintiff's second objection and reject this portion of the Magistrate Judge's report and recommendation. Plaintiff's retaliation claim against Defendant Douglas will remain and survive dismissal.

Plaintiff's third and final objection is to the *sua sponte* dismissal of his conspiracy claim. In the report and recommendation, the Magistrate Judge correctly noted that only conspiracies motivated by racial or otherwise class-based, invidiously discriminatory animus fall within the ambit of 42 U.S.C. § 1985. *See Griffin v. Breckenridge*, 403 U.S. 88,

---

[1] If an individual defendant's animus against a plaintiff's exercise of First Amendment rights is a link in the causal chain that leads to the adverse action, the individual defendant may be liable even if he is not the final decisionmaker. *See Sims v. City of Madisonville*, 894 F.3d 632, 639-40 (5th Cir. 2018) (collecting cases and explaining that individual liability for a government official who violates constitutional rights turns on traditional tort principles of but-for causation). An adverse action taken in retaliation for the exercise of a constitutionally protected right is actionable even if the act would have been proper had it been taken for a different reason. *See Hazel v. Quinn*, 933 F. Supp. 2d 884, 888 (E.D. Mich. 2013) (citations omitted).

4

102 (1971). The Magistrate Judge correctly found that Plaintiff has not alleged that he is a member of any particular class or that the alleged "conspiracy" was motivated any class-based discriminatory animus.

In his objection, Plaintiff asserts for the first time that Defendants' conduct included threats against Plaintiff "for fulfilling his religious obligation, which included organizing with members of his faith to challenge unjust laws." Plaintiff attaches another e-mail from Defendant Oasterhof to Defendant Strange stating that Plaintiff "needs to be removed from Auburn unit because he is attempting to recruit for the NOI [Nation of Islam] or MSTA [Moorish Science Temple of America]." This e-mail is not attached to, referred to, or mentioned in the amended complaint, and the Court cannot consider matters outside the pleadings at this stage.

Furthermore, the fact remains that Plaintiff's amended complaint (as well as his original complaint) is devoid of any allegation that Plaintiff is a member of any religion, that he was threatened for fulfilling his religious obligations, or that he was organizing with members of his faith. Rather, the amended complaint alleges that Plaintiff began meeting with other prisoners in his housing unit to "bring a legal challenge to Michigan Compile [sic] Law 791.234(6)" (regarding eligibility for parole). The amended complaint repeatedly alleges that Defendants transferred Plaintiff because of his litigation activities including holding legal meetings, because he would not stop assisting others with legal matters and grievances, and because it was "time to teach plaintiff a lesson about filing lawsuits." According to the amended complaint, Defendants retaliated against Plaintiff for exercising his "constitutional right to access the courts." Plaintiff's third objection is overruled, and the Court will dismiss his conspiracy claim as recommended by the Magistrate Judge.

5

For the reasons set forth above, the Court SUSTAINS IN PART (as to Plaintiff's second objection only) and OVERRULES IN PART Plaintiff's objections and ACCEPTS AND ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's report and recommendation.

IT IS HEREBY ORDERED that Plaintiff is GRANTED leave to amend his complaint. Amended Complaint, (docket number 15) is accepted as filed.

IT IS FURTHER ORDERED that Defendants Natalie Farnsworth and Michele Perry are DISMISSED from this action.

IT IS FURTHER ORDERED that Plaintiff's conspiracy claim and all claims against Defendants in their official capacities are DISMISSED. Plaintiff's retaliation claim against Defendants Yarnice Strange, Kyle Shannon, Adam Douglas, Cedric Griffey, Scott Schooley, and Unknown Oasterhof remain.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager