UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD,

    Plaintiff,                                                  No. 17-13904

v.                                                     Honorable Nancy G. Edmunds

YARNICE STRANGE,
KYLE SHANNON, ADAM
DOUGLAS, CEDRIC GRIFFEY,
SCOTT SCHOOLEY, and
JEFFREY OASTERHOF,

    Defendants.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE
JUDGE'S MAY 10, 2019 REPORT AND RECOMMENDATION [60]**

**I.    Background**

Currently before the Court is the Magistrate Judge's May 10, 2019 report and recommendation. (Dkt. 60.) The Magistrate Judge first recommends that Defendants Douglas and Oosterhof be dismissed because Plaintiff did not exhaust his administrative remedies against them. Second, the Magistrate Judge recommends that summary judgment be granted as to any claims that stem from Plaintiff's housing unit transfer (January 2017 grievance). Lastly, the Magistrate Judge recommends that all claims based on Plaintiff's prison transfer (July 2017 grievance) remain.

On May 28, 2019, Plaintiff Lamont Heard filed four objections to the Magistrate Judge's report. (Dkt. 62.) Defendants did not object to the report and recommendation or respond to Plaintiff's objections. Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court

1

OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. As a result, the Court GRANTS IN PART Defendants' motion for partial summary judgment [43] and DENIES Plaintiff's motion for summary judgment [46].

## II. Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

## III. Analysis

### A. Plaintiff's First Objection

Plaintiff objects to the Magistrate Judge's recommendation that the claims stemming from his housing unit transfer be dismissed because he did not exhaust the administrative remedies available to him. More specifically, Plaintiff argues that the Magistrate Judge erred in applying the holdings of *Alexander v. Hoffman*, No. 16-cv-12069, 2017 U.S. Dist. LEXIS 145519 (E.D. Mich. Sept. 8, 2017), and *Boyd v. Corr. Corp. of America*, 380 F.3d 989 (6th Cir. 2004). In *Boyd*, 380 F.3d at 996, the Sixth Circuit held that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." But, in that case, the court specifically noted that the prisoner had no available administrative remedies remaining to him because he "was required to wait for a grievance officer to make a decision regarding his formal grievance before he could make an appeal." *Id.* The Magistrate Judge noted

that here, even though prison officials did not respond to Plaintiff's January 2017 grievance regarding the housing unit transfer, the MDOC grievance policy explicitly provided that he could file a Step II grievance but he did not do so.  Nor did he allege that he was precluded from pursing an appeal.  In *Alexander*, 2017 U.S. Dist. LEXIS 145519, at *3-6, the court found that because the plaintiff did not receive the grievance identifier he would need to fill out a Step II appeal form, "it [wa]s not clear" whether he had the option of appealing after prison officials failed to respond to his Step I grievance.  The Magistrate Judge acknowledged *Alexander*'s holding in a parenthetical but agreed with a number of courts that have held to the contrary.  *See, e.g.*, *Weatherspoon v. Dinsa*, No. 14-12756, 2015 U.S. Dist. LEXIS 130407, at *11 (E.D. Mich. Aug. 4, 2015) (holding that "[b]ecause 'proper exhaustion' requires 'compliance with an agency's deadlines and other critical procedural rules,' and because, unlike *Boyd*, Plaintiff had further administrative remedies available to him, his failure to proceed through Step III before filing suit in this Court mandate[d] dismissal") (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).

The Court agrees with the Magistrate Judge.  Even though Plaintiff now alleges that, similar to the plaintiff in *Alexander*, he did not have a grievance identifier due to prison officials' failure to respond to his grievance, the grievance policy does not require a grievant to have an identification number to proceed to Step II.  Rather, the policy states that the grievant must submit the Step II grievance form "if no response was received, within ten business days after the date the response was due, including any extensions."  MDOC Policy Directive, 03.02.130(BB) (eff. July 9, 2007).  Moreover, Defendants attached to their motion a report of all the grievances Plaintiff has appealed

3

through Step III, which demonstrates that he is able to properly use the grievance policy. (*See* dkt. 43-2.) Accordingly, Plaintiff's first objection is overruled, and the Court will dismiss any claims stemming from Plaintiff's housing unit transfer as recommended by the Magistrate Judge.

### B. Plaintiff's Second Objection

Plaintiff objects to the Magistrate Judge's recommendation that Defendants Douglas and Oosterhof be dismissed from this case because he failed to list their names in the July 2017 grievance. More specifically, Plaintiff asserts that the primary purpose of a grievance is to alert prison officials of a particular problem and not to provide personal notice to a particular official that he may be sued. Therefore, he argues his failure to identify Oosterhof and Douglas by name should be excused. The Magistrate Judge found that based on Plaintiff's own filings, both Oosterhof and Douglas were known to him at the time he filed his grievance and, thus, a reference to "unknown staff" did not encompass them.

As the Magistrate Judge noted, in *Jones v. Bock*, 549 U.S. 199, 205, 218 (2007), the Supreme Court instructed courts to look to the prison's policy itself when determining "whether a prisoner has properly exhausted administrative remedies-specifically, the level of detail required in a grievance to put the prison and individual officials on notice of the claim." Here, the MDOC policy expressly requires prisoners to identify the "names of all those involved in the issue being grieved." *See* MDOC Policy Directive, 03.02.130(R). Thus, even if the grievance complied with the "fair notice" requirement, as alleged by Plaintiff, that does not excuse his failure to list the names of all those involved. *See Edwards v. Burnett*, No. 05-73790, 2007 U.S. Dist. LEXIS

4

43492, at *6 (E.D. Mich. June 15, 2007) (holding the same). Accordingly, Plaintiff's second objection is overruled, and the Court will grant Defendants' motion for summary judgement as to Oosterhof and Douglas as recommended by the Magistrate Judge.

### C. Plaintiff's Third and Fourth Objections

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff is not entitled to summary judgment due to a genuine question of material fact on the second and third elements of Plaintiff's retaliation claim.

The Court first notes that Plaintiff is primarily rehashing arguments he previously raised in his motion for summary judgment.

> This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources.

*Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has reviewed the parts of the Magistrate Judge's report to which specific objections have been filed. The Court agrees with the Magistrate Judge.

To successfully sue on a retaliation claim, Plaintiff must establish: (1) he engaged in protected conduct, (2) the defendants took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct," and (3) the adverse action was motivated at least in part by plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1995).

In his third objection, Plaintiff asserts that Defendants' act of sending Plaintiff to a more dangerous prison constituted an adverse action that entitled him to summary

5

judgemnt.  In support of his position, Plaintiff cites to *Hermansen v. Ky. Dep't of Corrs.*, 556 F. App'x 476, 477 (6th Cir. 2014) (unpublished).  In that case, the Sixth Circuit found that while "a transfer was found to be an adverse action where the plaintiff lost his job, rendering him unable to pay his attorney, and was moved to a location that made it difficult for the attorney to visit him, thus impairing his access to the courts," the plaintiff had failed to make any allegations that would support a finding that his prison transfer was an adverse act.  *See id.* at 477 (citing *Siggers-El v. Barlow*, 412 F.3d 693, 702 (6th Cir. 2005)).  Here, the Magistrate Judge found that Defendants provided sufficient evidence to create a question of fact as to whether the transfer was an adverse action, including evidence that showed Plaintiff did not suffer a loss in employment or an impairment to access the courts.  (*See* dkt. 60, PgID 744.)  Accordingly, there is a material question of fact as to whether the transfer in this case was an adverse act and Plaintiff's third objection is overruled.

In Plaintiff's fourth objection, he argues the Magistrate Judge failed to address whether the close temporal proximity between the protected conduct and adverse action entitled Plaintiff to summary judgment on the third element of his retaliation claim. However, the Magistrate Judge specifically noted Plaintiff's arguments regarding temporal proximity but found that the evidence presented by Defendants showed possible legitimate motivations for Plaintiff's transfer.  (*See* dkt. 60, PgID 746-47, 749.) There was also evidence showing that the Plaintiff was identified as a candidate for transfer prior to some of the protected conduct taking place.  (*Id.* at PgID 747.) Accordingly, there is a material dispute regarding whether Defendants were motivated

by Plaintiff's protected conduct to transfer him and Plaintiff's fourth objection is overruled.

## IV. Conclusion

For the reasons set forth above, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that Defendants' motion for partial summary judgment is GRANTED IN PART.

IT IS FURTHER ORDERED that Defendants Douglas and Oosterhof are DISMISSED from this action.

IT IS FURTHER ORDERED that Plaintiff's claims based on his housing unit transfer (January 2017 grievance) are DISMISSED. Plaintiff's claims against Defendants Griffey, Schooley, Shannon, and Strange based on his prison transfer (July 2017 grievance) remain.

SO ORDERED.

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: July 31, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2019, by electronic and/or ordinary mail.

                s/Lisa Bartlett
                Case Manager