UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD,

        *Plaintiff*,

*v.*

YARNICE STRANGE, KYLE SHANNON,
CEDRIC GRIFFEY, and SCOTT SCHOOLEY,

        *Defendants*.

_____/

CASE NO. 2:17-cv-13904
DISTRICT JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION ON PLAINTIFF'S LEAVE TO AMEND (ECF No. 96)

### I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the court **GRANT IN PART** Plaintiff leave to amend his complaint to the extent that it removes claims which have been dismissed and clarifies prior claims and **DENIED IN PART** as to addition of a new claim.

### II.   REPORT

#### A. Background

On December 4, 2017, plaintiff Lamont Heard filed a complaint under 42 U.S.C. § 1983 against defendants Yarnice Strange and "Shannon Kyle," employees of the Thumb Correctional Facility ("TCF"). In his original complaint, Plaintiff alleged that Defendants retaliated against him for exercising his First Amendment rights by transferring him from TCF to G. Robert Cotton Correctional Facility. (ECF No. 1, PageID.5-7.) According to

1

Plaintiff, as a result of the transfer, he lost the job with which he earned money to pay for his attorney and a private investigator, it became more difficult for his family to visit him, he lost access to certain programming, and his ability to collaborate with co-plaintiffs in a separate civil case was impeded. (*Id*. at PageID.6-7.) The case was referred to the undersigned for all pretrial proceedings on December 14, 2017. (ECF No. 9.)

On February 8, 2018, Defendants filed a motion for summary judgment. (ECF No. 13). On March 2, 2018, Plaintiff filed an amended complaint. (ECF No. 15.) In it, he sought to supplement and alter the factual basis for his retaliation claim, as well as to add a conspiracy claim and six new defendants: Adam Douglas, Natalie Farnsworth, Cedric Griffey, Scott Schooley, Jeffrey Oosterhof, and Michele Perry. (*Id*.) The Court granted Plaintiff leave to file his amendment complaint but dismissed defendants Farnsworth and Perry from the action. (ECF No. 27.) Defendants' motion for summary judgment was denied. (ECF No. 28.) Defendants filed another motion for partial summary judgment, based on failure to exhaust, on November 19, 2018, (ECF No. 43), to which Plaintiff replied with his own motion for summary judgment. (ECF No. 46.) The Court dismissed defendants Douglas and Oosterhof from the action based on failure to exhaust administrative remedies and denied Plaintiff's motion. (ECF No. 72.) The Court dismissed defendants Douglas and Oosterhof for failure to exhaust concerning both Plaintiff's *housing* unit transfer and his *prison* unit transfer. (ECF No. 60, PageID.735 ("I therefore recommend that the court dismiss any claims stemming from Plaintiff's housing unit transfer"), PageID.737 ("I suggest the court grant Defendants' motion for summary judgment as to Oosterhof and Douglas for claims based on the prison transfer described in

Plaintiff's July 2017 grievance.")) Plaintiff filed the present Motion for Leave to File an Amended Complaint on October 26, 2020, (ECF No. 96), to which Defendants responded and Plaintiff replied. (ECF Nos. 98, 100.)

The present Motion includes argument that information obtained through depositions taken on September 18, 2020 shed light on religious discrimination by Oosterhof, Douglas, Strange, and Griffey against Plaintiff. (ECF No. 96, PageID.931.) Plaintiff's amendment seeks to include "a religious discrimination/retaliation claim against Defendant Strange, Defendant Cedric Griffey, non-party Jeffery Oosterhof (Prison Counselor at TCF) and non-party Adam Douglas (Inspector at TCF)." (ECF No. 96, PageID.931.) The amendment also seeks to "remove[] Plaintiff's claims related to a housing unit transfer that were dismissed by this Court for failure to exhaust the administrative grievance procedure. Finally, the Amended Complaint seeks to provide general clarification of Plaintiff's First Amended Verified Civil Rights Complaint, which was filed when plaintiff was proceeding *pro se*." (ECF No. 96, PageID.926-927.)

### B. Motion for Leave to Amend Complaint

Plaintiff seeks leave to amend his original complaint to include Oosterhof and Douglas again to this action as well as an additional claim under 42 U.S.C. § 1983. Plaintiff's Motion is governed by Rule 15(a) of the Federal Rules of Civil Procedure. It provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or

(B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a); *Berry v. Specialized Loan Servicing, LLC*, No. 2:18-cv-02721, 2020 WL 3485577, at *4 (W.D. Tenn. Feb. 24, 2020). Under this Rule, generally, a party may amend its pleading once as a matter of course, but in all other cases it may amend a pleading only with the opposing party's consent or with leave of the court. *Commerce Benefits Group, Inc. v. McKesson Corp.*, 326 Fed. App'x 369, 376 (6th Cir. 2009). "Once the scheduling order's deadline to amend the complaint passes," *id*., however, "a plaintiff first must show good cause under Rule 16(b) [of the Federal Rules of Civil Procedure] for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)." *Id*. (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir.2003) (internal quotation marks omitted)).

A court has discretion in allowing amendments. *Berry*, 2020 WL 3485577, at *4 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Troxel Manuf. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970–71 (6th Cir. 1973)). In its discretion to allow an amendment, a court considers factors such as undue delay, repeated failure to cure deficiencies by amendments previously allowed, bad faith or dilatory motive, futility of an amended pleading and undue prejudice to the opposing party. *Berry*, 2020 WL 3485577, at *4 (citing *Shane v. Bunzl Distribution USA, Inc.*, 200 F. App'x 397, 406 (6th Cir. 2006)). However,

"it must initially be noted that delay alone is an insufficient reason to deny a motion to amend." *Minor v. Northville Public Schools*, 605 F. Supp. 1185, 1201 (E.D. Mich. 1985) (internal quotation omitted); *see Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986).

Here, Defendants argue the court should refuse to allow Plaintiff to amend his complaint because the amendment would prove futile and because it would cause undue prejudice to Defendants.

### i. Futility

The test for futility is whether the amended complaint could survive a Rule 12(b)(6) motion to dismiss. Such a motion tests the sufficiency of the complaint and will be granted if the plaintiffs have failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

The proposed amended complaint sets forth a claim for retaliation. As an affirmative defense, and in support of their argument that granting the amendment would prove futile, Defendants argue that Plaintiff has not exhausted his administrative remedies as to Oosterhof or Douglas and the amendment would therefore be futile. Plaintiff, on the other hand, argues that the Court previously "ordered that Inspector Douglas and Prison Counselor Oosterhof be dismissed from this action, and that Plaintiff's claims relating to his housing unit transfer, but *not* his prison transfer, were dismissed for failure to exhaust the administrative grievance procedure." (ECF No. 96, PageID.934 (citing ECF No. 72)) (emphasis in original.) As such, here, Plaintiff proposes the present amendment against Oosterhof and Douglas regarding his *prison* transfer. Defendants respond that "[t]he only claim which [Plaintiff] had exhausted was a retaliatory transfer claim relating to his transfer from TCF and the only defendants against whom [Plaintiff] had exhausted that claim were Strange, Shannon, Schooley, and Griffey." (ECF No. 98, PageID.1054 (citing ECF No. 72, PageID.798-804.)) The parties seem to have differing interpretations of the prior adopted Report and Recommendation in this case, (ECF No. 72), which was determined after extensive briefing by the parties on the issue of exhaustion. (ECF No. 72; ECF No. 60.)

The MDOC provides prisoners with a grievance procedure for bringing forward their concerns and complaints. *See* MDOC PD 03.02.130 (eff. 7/9/2007). The MDOC's grievance procedure consists of steps that a prisoner must follow prior to filing a complaint in court, and each step is accompanied by a time limit. First, the grievant must attempt to resolve the issue with the person involved "within two business days after becoming aware

6

of a grievable issue, unless prevented by circumstances beyond his/her control." MDOC

PD 03.02.130(P).

If the initial attempt to resolve the issue with the person involved is impossible or

unsuccessful, the inmate must then submit a Step I grievance form within five days. MDOC

PD 03.02.130(V). If the grievance is accepted, the prison staff is required to respond in

writing to a Step I grievance within fifteen days, unless an extension is granted. MDOC

PD 03.02.130(X). The policy provides the following instructions regarding the information

that needs to be included in a grievance:

> The issues should be stated briefly but concisely. Information provided is to
> be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when,
> where, why, how). Dates, times, places and names of all those involved in the
> issue being grieved are to be included.

MDOC PD 03.02.130(R). If the inmate is not satisfied with the response, or does

not receive a response within fifteen days, he must file a Step II appeal within ten business

days. MDOC PD 03.02.130(BB). Once again, if the inmate is dissatisfied with the response

at Step II or does not receive a Step II response within fifteen days, he has ten business

days to submit a Step III appeal to the Prisoner Affairs Section. MDOC PD 03.02.130(FF).

"To file a Step III grievance, the grievant must send a completed Step III grievance, using

the Prisoner/Parolee Grievance Appeal form . . . ." *Id.* The Step III response concludes the

administrative grievance process. According to MDOC policy, a grievance is not complete

until the MDOC has responded to the Step III grievance. MDOC PD 03.02.130(B), (FF),

(GG). Pursuant to *Woodford* and *Jones*, seminal cases which analyzed the Prison Litigation

Reform Act of 1995 ("PLRA"), inmates are required to file grievances that conform to

MDOC procedures in order to properly exhaust available remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Jones v. Bock*, 549 U.S. 199, 218 (2007). Specifically, the *Jones* Court determined whether a plaintiff needed to identify the defendant by name during the initial grievance process. Since the MDOC's policy at the time did not require that level of specificity, the Court did not find that the PLRA required it. *Id.* at 218. However, the applicable MDOC policy does require this level of specificity. MDOC Policy Directive ("PD") 03.02.130 (eff. July 9, 2007).

On May 10, 2019, the undersigned filed a Report and Recommendation (ECF No. 60), which was subsequently accepted and adopted in and Opinion and Order, (ECF No. 72), in which the Court explicitly dismissed "any claims stemming from Plaintiff's housing unit transfer." (ECF No. 60, PageID.734.) Regarding the prison transfer, under which Plaintiff now brings his free-exercise claim, the Court noted that "[t]he record contains only one grievance about Plaintiff's prison transfer, filed in July 2017 and labeled grievance TCF-17-07-0278-024-Z (R. 43 at PageID.481-485). Three defendants' names appear in the grievance—Schooley, Shannon, and Strange—which also levels its accusation of retaliation against 'unknown staff.'" (ECF No. 60, PageID.736.) Plaintiff had properly exhausted his claims against defendants Schooley, Shannon, Griffey, and Strange. However, the Court questioned whether the "unknown staff" label could properly be applied to include Oosterhof and Douglas. (*Id.*) After considering that at the time the grievance was filed neither Oosterhof or Douglas was "unknown" to Plaintiff, the Court determined that they could not be encompassed by a reference to "unknown parties" and the motion for summary judgment against Oosterhof and Douglas based on the *prison*

8

transfer was also granted, in addition to the dismissal based on the housing transfer. (ECF No. 60, PageID.737.)

Further, the one grievance filed regarding the prison transfer, even to the extent that Strange, Shannon, Schooley, and Griffey were named, does not include allegations concerning the present proposed additional claim. To the extent that Plaintiff claims here, as he did earlier, (*see* ECF No. 72, PageID.801), that an exhaustion should be excused because he did not know at the time what the officials were doing, Plaintiff himself has previously argued that "the primary purpose of a grievance is to alert prison officials of a particular problem[.]" (*Id.* (Opinion and Order referring to Plaintiff's argument)). Relying upon *Jones v. Bock*, 549 U.S. 199, 205, 218 (2007), courts are to look to the prison's policy itself when determining "whether a prisoner has properly exhausted administrative remedies specifically, the level of detail required in a grievance to put the prison and individual officials on notice of the claim." Here, the MDOC policy requires: "Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." MDOC PD 03.02.130(R). If Plaintiff failed to alert prison officials of the particular problem regarding any alleged religious discrimination or retaliation, there was no opportunity for the prison to correct such a problem. I have been unable to identify any grievances in the record, regardless of who is named or unnamed, that refers to religious discrimination or retaliation in any form.

Neither party has presented evidence of any additional grievances filed by Plaintiff regarding Oosterhof, Douglas, or his proposed free-exercise claim than what was presented

in the prior motions for summary judgment. (ECF No. 72.) The evidence presented there set forth only one grievance filed by Plaintiff that lacks the detail required for exhaustion against Douglas, Oosterhof, Strange, and Griffey concerning this claim.

The only grievance in the record regarding his transfer does not name Oosterhof or Douglas, and the allegations previously specified does not include any language concerning religious discrimination or free exercise of religion. Plaintiff failed to exhaust his administrative remedies here and this amendment would therefore be futile. Based on the foregoing analysis I decline to analyze the futility of this amendment under other theories as presented by Defendants; regardless of whether Plaintiff has satisfied the elements of such a claim, it is not properly brought at this time when it has not been exhausted.

### ii. Undue Prejudice to Defendants

Plaintiff's amendment seeks to include "a religious discrimination/retaliation claim against Defendant Strange, Defendant Cedric Griffey, non-party Jeffery Oosterhof (Prison Counselor at TCF) and non-party Adam Douglas (Inspector at TCF)." (ECF No. 96, PageID.931.) The amendment also seeks to "remove[] Plaintiff's claims related to a housing unit transfer that were dismissed by this Court for failure to exhaust the administrative grievance procedure. Finally, the Amended Complaint seeks to provide general clarification of Plaintiff's First Amended Verified Civil Rights Complaint, which was filed when plaintiff was proceeding *pro se*." (ECF No. 96, PageID.926-927.) I pause to note that the discovery deadline set in this case passed on October 23, 2020. (ECF No. 93.) The dispositive motion deadline was set to pass on November 23, 2020, (ECF No. 93),

but on that day the parties filed a stipulated agreement extending the dispositive motion deadline until after the Court ruled on the present Motion. (ECF No. 99.) The present Motion was filed on October 26, 2020, three days after the close of discovery. (ECF No. 96.)

The Motion states that Plaintiff seeks to "add[] a count of religious retaliation in violation of 42 USC § 1983 based on new information obtained during discovery . . . ." (ECF No. 96, PageID.926.) Defendant argues that the proposed amendment outlines the addition of not one but two new claims, a First Amendment Access to the Courts claim (ECF No. 96-2, PageID.960), and a First Amendment Free Exercise of Religion claim. (ECF No. 96-2, PageID.961.) Although Defendant argues that this access-to-the-courts claim is a new claim, the operative complaint does include a claim for retaliation in the form of "impeding [Plaintiff's] access to the courts[.]" (ECF No. 15, PageID.204.) It does not appear, as Defendant argues, that the inclusion of a retaliatory access-to-the-courts claim would prejudice Defendant at this juncture, as it has been an established claim in this case since the filing of the operative complaint. To the extent that the proposed amendment here includes additional factual detail regarding that claim or is more artfully plead now with the assistance of counsel, Defendants have been on notice of such a claim and I suggest that they are not prejudiced by its inclusion in this amendment.

I now turn to analyze the prejudice, if any, to Defendant by including the free-exercise claim. Plaintiff asserts that his counsel "put Defendants' counsel on notice that, depending on the sort of testimony elicited at the depositions [], Plaintiff may potentially file an amended complaint to include a religious discrimination/retaliation claim in relation

to the prison transfer." (ECF No. 96, PageID.944.) However, in *White v. American Axle &
Mfg., Inc*., where the plaintiff "questioned [an individual employed by the defendant] on
employee compensation during her deposition and sent a 'second set of discovery requests
focused on this claim[,]'" the Court held that was not sufficient to place the defendant on
notice that the plaintiff would attempt to amend the complaint: "To the extent the
deposition and discovery requests put Defendant on notice, it did not do so in time to allow
Defendant to pursue its own discovery on these claims." No. 05-cv-72741, 2006 WL
2811264, at *8 (E.D. Mich. Sept. 28, 2006). Here, Plaintiff did not even go as far as the
plaintiff in *White* by sending additional discovery requests. I suggest that Defendants were
not on notice of such a proposed amendment.

Defendants argue that this amendment is prejudicial because it comes after the close
of discovery and at a late stage in the litigation. The Sixth Circuit has explained that where
a party seeks leave to amend after the close of discovery there is "an increased burden is
on the movant at this late stage in the litigation to show justification for the failure to move
earlier." *Duggins v. Steak 'N Shake, Inc*., 195 F.3d 828, 834 (6th Cir. 1999) (citing *Holland
v. Metro. Life Ins. Co*., 869 F.2d 1490 (6th Cir. 1989)). Plaintiff has not carried this burden.
In *White*, the Court noted that "[w]hile it is true that Plaintiff's amended claims are related
to the claims in Plaintiff's original complaint, Defendant's allegedly discriminatory
compensation practices were not obviously an object of discovery. Therefore, Defendant
would need to conduct additional discovery and spend significant additional time to
respond to Plaintiff's amendment." *White*, 2006 WL 2811264, at *8 (citing *Miller v. Admin.
Office of the Courts*, 448 F.3d 887, 898 (6th Cir.2006) (citing *Duggins v. Steak 'N Shake,*

*Inc.*, 195 F.3d 828, 834 (6th Cir.1999)) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions on the issue of immunity was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court."). The same is true here. A free-exercise retaliation claim certainly was not the focus of the operative complaint, and even if this new proposed claim arises out of a similar set of facts as the original claim, Defendants would have to undergo significant discovery in addition to that completed in preparation for the access to courts claim. I note that in several of the cases relied upon by Defendant, not only the discovery deadline had passed but the parties had also filed motions for summary judgment. Here, it is true that the parties have stipulated to reschedule the dispositive motion deadline pending the resolution of this Motion. Still, the filing of dispositive motions is "imminent" at this stage, *Miller*, 448 F.3d at 898, and I suggest that the addition of this claim would be unduly prejudicial to Defendants.

### C. Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File an Amended Complaint, (ECF No. 96), be **GRANTED IN PART** to allow Plaintiff leave to amend his complaint to the extent that it removes claims which have been dismissed and clarifies prior claims and **DENIEDED IN PART** as to the addition of a new claim against new and existing defendants.

### III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file

specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 3, 2020                    S/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge