UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD,

              Plaintiff,                        No. 17-13904

v.                                   Honorable Nancy G. Edmunds

YARNICE STRANGE, *et al.*,

              Defendants.

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S DECEMBER 3, 2020 REPORT AND RECOMMENDATION [101]**

The matter is before the Court on the Magistrate Judge's December 3, 2020 report and recommendation. (ECF No. 101.) Plaintiff has filed three objections to the Magistrate Judge's report and recommendation. (ECF No. 102.) Defendants have filed a response to Plaintiff's objections. (ECF No. 103.) Having conducted a *de novo* review of the portions of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the report and recommendation (ECF No. 101). As a result, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for leave to file a second amended complaint (ECF No. 96).

I.    **Background**

In this prisoner civil rights lawsuit filed on December 4, 2017, Plaintiff Lamont Heard, an inmate in the Michigan Department of Corrections ("MDOC"), alleges that Defendants retaliated against him in violation of his First Amendment rights by

transferring him to a different housing unit in January 2017 and transferring him to a different prison in June 2017.[1]  (ECF No. 15.)  Plaintiff's claims stemming from his housing unit transfer (January 2017 grievance) were dismissed due to his failure to exhaust his administrative remedies with regard to that claim.  (ECF No. 72, PgID 799-801.)  This left the claims stemming from the prison unit transfer (July 2017 grievance).  However, two defendants, Douglas and Oosterhof, were also dismissed from this action because their names were not mentioned in that grievance.  (*Id.* at PgID 801-02.)

While Plaintiff initially brought this suit pro se, he was appointed counsel by the Court after the claims stemming from his prison unit transfer survived summary judgment.  Thru counsel, Plaintiff now moves for leave to file a second amended complaint.  (ECF No. 96.)  Plaintiff seeks to add a religious discrimination/retaliation claim against the four remaining defendants as well as non-parties, Douglas and Oosterhof.  He argues that information obtained through depositions reveals that the prison transfer was also motivated by animus towards his religious beliefs as a member of the Nation of Islam.  Plaintiff also seeks to remove the claims stemming from the housing unit transfer which were previously dismissed and to clarify the claim stemming from the prison unit transfer as set forth in Plaintiff's first amended complaint, which was submitted when Plaintiff was proceeding pro se.

---

[1] The protected activity that forms the basis for these claims is Plaintiff's legal activities, including a lawsuit filed against Michigan state officials in this Court.

II.     **Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *See also* 28 U.S.C. § 636(b)(1).

III.    **Analysis**

The Magistrate Judge recommends that Plaintiff's motion for leave to amend his complaint be granted to the extent the amended complaint removes claims which have been dismissed and clarifies prior claims and denied to the extent it adds a new claim.

No party has objected to the Magistrate Judge's recommendation that Plaintiff's motion be granted in part.  "[T]he failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter."  *Hall v. Rawal*, No. 09-10933, 2012 U.S. Dist. LEXIS 120541, at *2 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  The Court nevertheless agrees with the Magistrate Judge's analysis on this issue and accepts and adopts it.  Accordingly, Plaintiff's motion is granted to the extent the amended complaint removes the claims stemming from the housing unit transfer which have been dismissed and clarifies Plaintiff's prior access-to-the-courts retaliation claim.

Plaintiff objects to the Magistrate Judge's recommendation that his motion be denied to the extent he seeks to add a religious retaliation claim.  More specifically, Plaintiff objects to the Magistrate Judge's findings that he did not exhaust his administrative remedies with regard to this claim, Defendants were not on sufficient

3

notice of this claim, and Plaintiff did not meet his burden of justifying why he did not move to amend sooner.

As the Magistrate Judge noted, Plaintiff's claims against Douglas and Oosterhoff were previously denied by this Court because he did not include their names in the July 2017 grievance. That analysis remains applicable to the new claim in the amended complaint. With regard to the defendants who remain in this case, the Magistrate Judge noted that the grievance did not contain any allegations regarding religious discrimination or retaliation. Plaintiff argues that exhaustion does not require full development of a legal theory and that this claim stems from the same retaliatory prison transfer that was fully grieved. However, as the Magistrate Judge notes, courts look at the prison's policy itself when determining whether a prisoner has properly exhausted his administrative remedies, *see Jones v. Bock*, 549 U.S. 199, 218 (2007), and the MDOC policy relevant here instructs the grievant to include the "who, what, when, where, why, [and] how" for any issue being grieved, *see* MDOC Policy Directive 03.02.130(R). Thus, Plaintiff's first objection is overruled.

And even if the proposed amendment is not futile, the Magistrate Judge's remaining recommendations provide a sufficient basis for denying leave. More specifically, the Magistrate Judge found that Defendants were not on sufficient notice of a new religious retaliation claim and they would be unduly prejudiced if leave is granted because dispositive motions are imminent.

Plaintiff argues that Defendants were on notice of his intent to pursue a religious retaliation claim, in part, because discovery requests addressed a possible religious motive since as early as January 2020. However, as Defendants note, at the time,

4

Plaintiff was seeking leave to move for reconsideration of the dismissal of the claims stemming from his housing unit transfer, which he believed was motivated by his religious affiliation.  Plaintiff himself argues that the testimony that forms the basis for the new claim was not elicited until September 18, 2020 and October 8, 2020, a few weeks prior to the filing of his motion for leave.  Thus, Plaintiff's second objection is overruled.

Finally, Plaintiff argues that he could not have moved for leave to amend sooner because he was waiting for the transcripts from the depositions.  Even if this were true, however, as the Magistrate Judge noted, the filing of dispositive motions is imminent. Thus, the Court agrees that the addition of a new claim at this late juncture of the case would be unduly prejudicial to Defendants.  Accordingly, Plaintiff's third objection is overruled, and the Court will deny Plaintiff leave to add a religious retaliation claim.

## IV.   Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.  The Court therefore GRANTS IN PART and DENIES IN PART Plaintiff's motion for leave to file a second amended complaint.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 7, 2021

5

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 7, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager