UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD,

      Plaintiff,

v.

YARNICE STRANGE,
SHANNON KYLE,
CEDRIC GRIFFEY, and
SCOTT SCHOOLEY,

      Defendants.

_____/

No. 17-13904

Honorable Nancy G. Edmunds

**ORDER REJECTING IN PART AND ACCEPTING IN PART THE MAGISTRATE JUDGE'S MARCH 15, 2021 REPORT AND RECOMMENDATION [110]**

The matter is before the Court on the Magistrate Judge's March 15, 2021 report and recommendation. (ECF No. 110.) The Magistrate Judge recommends granting in part and denying in part Defendants' motion for summary judgment. Plaintiff Lamont Heard has filed one objection to the report and recommendation. (ECF No. 111.) Defendants have filed three objections, (ECF No. 112-3), and Plaintiff has filed a response to those objections, (ECF No. 114). Having conducted a *de novo* review of the portions of the Magistrate Judge's report to which specific objections have been filed, the Court SUSTAINS Plaintiff's objection and OVERRULES Defendants' objections. Accordingly, the Court REJECTS IN PART and ACCEPTS AND ADOPTS IN PART the report and recommendation (ECF No. 110) and DENIES Defendants' motion for summary judgment (ECF No. 105).

1

## I. Background

In this prisoner civil rights lawsuit,[1] Plaintiff, an inmate in the custody of the Michigan Department of Corrections, alleges that Defendants retaliated against him in violation of his First Amendment rights by transferring him to a different prison in June 2017.[2] (ECF No. 15.) The protected activity that forms the basis for these claims is Plaintiff's legal activities, which include a lawsuit filed against Michigan state officials in this Court. The Magistrate Judge recommends granting Defendants' motion for summary judgment as to Defendants Griffey and Schooley and denying the motion as to Defendants Shannon and Strange.

## II. Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

## III. Analysis

### A. Plaintiff's Objection

Plaintiff objects to the Magistrate Judge's recommendation that Defendants' motion be granted as to Defendants Griffey and Schooley. The Magistrate Judge found

---

[1] This case was originally filed pro se, but Plaintiff has since been appointed counsel.

[2] Initially, Plaintiff also alleged Defendants retaliated against him by transferring him to a different housing unit in January 2017, but those claims were dismissed due to Plaintiff's failure to exhaust his administrative remedies. (*See* ECF No. 72.)

Griffey and Schooley approving and signing Plaintiff's transfer documents insufficient to establish they were personally involved in the allegedly retaliatory prison transfer.[3]

Plaintiff cites to cases in which courts in this district have noted that a defendant's signature on transfer paperwork connects that defendant to the transfer at issue. *See, e.g.*, *Lyons v. Leach*, No. 12-15408, 2013 U.S. Dist. LEXIS 167006, at *16-17 (E.D. Mich. Nov. 25, 2013). Plaintiff also points to his testimony stating he was told by Defendant Strange that members of the Security Classification Committee, which includes Griffey and Schooley, were tired of Plaintiff's litigations activities and wanted him transferred. (*See* ECF No. 108-2, PgID 1632, 1634.) The Court finds that Defendants Griffey and Schooley approving and signing the transfer paperwork, combined with Plaintiff's testimony, is sufficient to create questions of fact as to whether Griffey and Schooley were personally involved in the allegedly unconstitutional conduct and had the requisite retaliatory motive. Accordingly, Plaintiff's objection is sustained, and Defendants' motion for summary judgment as to Griffey and Schooley is denied.[4]

### B. Defendants' Objections

Defendants object to the Magistrate Judge's recommendation that their motion be denied as to Defendants Shannon and Strange. More specifically, they object to the Magistrate Judge's findings that there are issues of fact regarding whether the prison

---

[3] Defendant Griffey signed/initialed the security classification form, also known as the transfer screen; the transfer order; and the prisoner detail for inter-institutional transfers. (ECF No. 105-7.) Defendant Schooley "approved" the transfer screen. (*Id.* at PgID 1383.)

[4] The Magistrate Judge's analysis of the remaining issues—whether Plaintiff has established his prima facie case and whether Defendants are entitled to qualified immunity—with regard to Shannon and Strange applies in large part to Griffey and Schooley as well.

3

transfer was an adverse act, whether there is a causal connection between the protected conduct and the transfer, and whether Defendants are entitled to qualified immunity.

Defendants first argue the prisoner transfer was not an adverse action because the allegedly adverse consequences Plaintiff faced as a result of the transfer were not foreseeable to Defendants. The Magistrate Judge found there is a question of fact as to whether the prison transfer here was an adverse act pursuant to *Siggers-El v. Barlow*, 412 F.3d 693, 702 (6th Cir. 2005), due to evidence Plaintiff lost the use of the law library and his ability to collaborate with his co-plaintiffs; lost several months of wages, which he alleges helped fund his litigation activities; and was transferred to a more dangerous facility. The Court agrees. Plaintiff also notes he testified that he told Defendant Strange about some of the negative consequences he would face as a result of the transfer, including the loss of his ability to strategize with his co-plaintiffs, before he was transferred. (*See* ECF No. 108-2, PgID 1651.) Accordingly, Defendants' first objection is overruled.

Defendants also take issue with the Magistrate Judge's finding there is a question of fact as to the causal connection between Plaintiff's protected activity and his transfer. The Magistrate Judge noted the temporal proximity between the encounters that took place between Plaintiff and Defendants Strange and Shannon on June 21 and June 23, 2017 and completion of the transfer screen on June 22, 2017. Defendants argue that the transfer was initiated by the Records Office, not Defendants, and would have taken place irrespective of any protected activity. The Court agrees with the Magistrate Judge that the close temporal proximity between the threats made by Defendants Strange and

Shannon and the transfer raise a question of fact as to whether the protected activity was a motivating factor in the transfer.  Defendants' second objection is therefore overruled.

Finally, Defendants repeat their arguments regarding qualified immunity.  The Magistrate Judge found that Defendants are not entitled to qualified immunity under the contours of the law as set forth in *Siggers-El*.  The Court agrees; Defendants' third objection is overruled.

### IV.   Conclusion

For the foregoing reasons, the Court SUSTAINS Plaintiff's objection and OVERRULES Defendants' objections.  The Court therefore REJECTS IN PART and ACCEPTS AND ADOPTS IN PART the Magistrate Judge's report and recommendation (ECF No. 110) and DENIES Defendants' motion for summary judgment (ECF No. 105) in its entirety.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 18, 2021


I hereby certify that a copy of the foregoing document was served upon counsel of record on May 18, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager